# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE LEVELLE HAMILTON<br>a/k/a RA SUN BEY, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | No. 4:13CV822 CEJ |
| MARY BRUNTRAGER<br>SCHROEDER, | )<br>)<br>)<br>) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of petitioner, Antoine Hamilton, a/k/a Ra Sun Bey, for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial statement provided by petitioner, the Court finds that petitioner is financially unable to pay any portion of the filing fee. As a result, petitioner will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedural 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B) because this Court lacks jurisdiction over this matter and because it is legally frivolous.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Petitioner brings this action seeking a writ of mandamus, pursuant to 28 U.S.C. § 1651, alleging violations of his civil and "indigenous" rights. Petitioner claims that he is a Moor and that he should be allowed to abide by "The Treaty of Peace and Friendship of 1836 A.D. Between Morocco and the United States." He seeks a writ of mandamus against Judge Mary Bruntrager Schroeder, of the St. Louis County Circuit Court, because of her alleged failure to accept a document entitled "Averment of Jurisdiction - Quo Warranto" that petitioner attempted to file on April 9, 2013 in two criminal proceedings pending against him in that court. See State v. Ra Sun Bey, Case No. 13SL-

CR02598 and State v. Ra Sun Bey, Case No. 120479376.[1]  Petitioner claims that the "Averment of Jurisdiction-Quo Warranto" would have requested "a copy of the Superior Court GA 15 certified delegation of Authority Order Confirmed by Congress to make a physical inspection and verify and witness same."  Petitioner claims that on April 22, 2013 respondent also denied him the opportunity to file a motion for default judgment in his criminal cases.

Petitioner claims that "[i]n so refusing to honor the Averment of Jurisdiction - Quo Warranto and denial of the Notice of Default Judgment Mary Bruntrager Schroeder has violated her oath of office to uphold the United States Constitution."  Petitioner therefore seeks an order from this Court compelling respondent to honor the default judgment and dismiss the two criminal cases against him.

**Discussion**

Petitioner's application for a writ of mandamus is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential.  See 28 U.S.C.A. § 1651(a); Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County, 323 F.2d 485, 486 (8th Cir.1963).

---

[1]According to Missouri Case.net, in State v. Ra Sun Bey, Case No. 13SL-CR02598, petitioner was charged with Driving While Revoked/Suspended in violation of Mo.Rev.Stat.§ 302.321.  In State v. Ra Sun Bey, Case No. 120479376, petitioner was charged with Failure to Register a Motor Vehicle and Failure to Wear a Safety Belt, in violation of Mo.Rev.Stat. §§ 301.020 and 307.178.  Both actions are still pending.

The actions of the named respondent in the instant case are not within the jurisdiction of this Court. See Middlebrooks, 323 F.2d at 486; Veneri v. Circuit Court of Gasconade Co., 528 F.Supp. 496, 498 (E.D.Mo.1981)(federal courts have no superintending control over, and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties).

Therefore, this action will be dismissed under Fed.R.Civ.P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because this Court lacks jurisdiction over this matter and the complaint is legally frivolous.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of June, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE